UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL M. GOETZ,                            )
                                             )    No. CV-07-3103-JPH
            Plaintiff,                        )
                                             )    ORDER GRANTING PLAINTIFF'S
v.                                           )    MOTION FOR SUMMARY
                                             )    JUDGMENT AND REMANDING FOR
MICHAEL J. ASTRUE,                           )    ADDITIONAL PROCEEDINGS
Commissioner of Social Security,             )    PURSUANT TO SENTENCE FOUR 42
                                             )    U.S.C. § 405(g)
            Defendant.                        )
                                             )
                                             )
                                             )

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 25, 2008.   (Ct. Rec. 14, 18, 19.)  Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings.

## JURISDICTION

On September 16, 2004, plaintiff Michael M. Goetz (plaintiff) protectively filed for disability insurance benefits (DIB) and Supplemental Security Income. (Tr. 51.)  Plaintiff alleged an onset date of August 15, 2003. (Tr. 51.)  Benefits were denied initially and on reconsideration.  (Tr. 29, 33.)  A hearing was held before ALJ Ralph Jones on March 8, 2007. (Tr. 292-306.)  Plaintiff's counsel was present. (Tr. 294.) Medical expert Dr. Robert J. McDevit and vocational expert Gary Jesky testified.

1  (Tr. 292-306.)  Plaintiff was unexpectedly unable to attend the hearing, so the hearing was continued

2  until March 20, 2007. (Tr. 307-326.)  On that date, Plaintiff testified by telephone and was represented

3  by attorney David Church.  (Tr. 309.)  On June 21, 2007, the ALJ issued a decision finding that plaintiff

4  was not disabled.  (Tr. 15-24.)  The Appeals Council denied review on November 14, 2007.  (Tr. 5.)

5  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the

6  district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to

7  42 U.S.C. § 405(g) on December 7, 2007.  (Ct. Rec. 4.)

8  **STATEMENT OF FACTS**

9  The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision,

10  and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

11  Plaintiff was 48 years old at the time of his testimony.  (Tr. 312.)  He finished two and one-half

12  years of college but did not obtain a degree.  (Tr. 312.)  Plaintiff previously worked as an author, greeter,

13  teacher and manager.  (Tr. 60, 301.)  He testified that back pain and depression prevented him from

14  working.  (Tr. 312.)

15  **STANDARD OF REVIEW**

16  Congress has provided a limited scope of judicial review of a Commissioner's decision.  42

17  U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the

18  determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,*

19  760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The

20  [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are

21  supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

22  U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

23  1112, 1119 n. 10 (9th Cir. 1989), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.2d 599,

24  601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th

25  Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate

26  to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch

27  inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-2

1  upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the

2  record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v.*

3  *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

4  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402

5  U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its

6  judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

7  (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the

8  proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v.*

9  *Secretary of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

10  evidence to support the administrative findings, or if there is conflicting evidence that will support a

11  finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v.*

12  *Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

13  **SEQUENTIAL PROCESS**

14  The Social Security Act (the "Act") defines "disability" as the "inability to engage in any

15  substantial gainful activity by reason of any medically determinable physical or mental impairment which

16  can be expected to result in death or which has lasted or can be expected to last for a continuous period

17  of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides

18  that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity

19  that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education

20  and work experiences, engage in any other substantial gainful work which exists in the national

21  economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both

22  medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

23  The Commissioner has established a five-step sequential evaluation process for determining

24  whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he is engaged in

25  substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I),

26  416.920(a)(4)(I).

27  If he is not, the decision maker proceeds to step two, which determines whether Plaintiff has a

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-3

1  medically severe impairment or combination of impairments.   20 C.F.R. §§ 404.1520(a)(4)(ii),

2  416.920(a)(4)(ii).  If plaintiff does not have a severe impairment or combination of impairments, the

3  disability claim is denied.

4      If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's

5  impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as

6  to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. §

7  404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is

8  conclusively presumed to be disabled.

9      If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to

10 the fourth step, which determines whether the impairment prevents plaintiff from performing work he

11 has performed in the past.  If plaintiff is able to perform his previous work, he is not disabled.  20 C.F.R.

12 §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual functional capacity ("RFC")

13 assessment is considered.

14     If plaintiff cannot perform this work, the fifth and final step in the process determines whether

15 plaintiff is able to perform other work in the national economy in view of his residual functional capacity

16 and his age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v);

17 *Bowen v. Yuckert*, 482 U.S. 137 (1987).

18     The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to

19 disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

20 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental

21 impairment prevents him from engaging in his previous occupation.  The burden then shifts, at step five,

22 to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a

23 "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*,

24 722 F.2d 1496, 1498 (9th Cir. 1984).

25                                    **ALJ'S FINDINGS**

26     The ALJ found that the plaintiff met the insured status requirements of the Social Security Act

27 through December 31, 2005.  (Tr. 17.) At step one of the sequential evaluation, the ALJ found plaintiff

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-4

1   had not engaged in substantial gainful activity since the alleged onset date of August 15, 2003. (Tr. 17.)

2   At steps two and three, he found plaintiff had the severe impairments of thoracic degenerative disc

3   disease and dysthymia (Tr. 17.), but these impairments alone or in combination did not meet or medically

4   equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).[1]

5   (Tr. 18.)  Next, the ALJ determined:

6           [C]laimant has the residual functional capacity to lift and carry twenty pounds
            occasionally and ten pounds frequently.  During an eight-hour day he/she can sit, stand
7           and walk for up to six hours.  Furthermore, he is limited to only occasional stooping and
            crouching.  Finally, the claimant can perform simple and complex tasks on a sustained
8           basis, and can interact appropriately with his co-workers and the general public.

9   (Tr. 18.)

10          At step four, the ALJ found that, based on vocational expert testimony, plaintiff could perform

11  his past relevant work as a teacher, supervisory restaurant greeter, and author/writer, and that such work

12  does not require the performance of work-related activities precluded by the claimant's residual

13  functional capacity. (Tr. 23.)  Therefore, the ALJ concluded plaintiff has not been under a disability as

14  defined in the Social Security Act from August 15, 2003 through the date of the ALJ decision. (Tr. 23-

15  24.)

16

17                                          **ISSUES**

18          The issue is whether the ALJ's decision is supported by substantial evidence and free of legal

19  error. Specifically, plaintiff argues the ALJ: (1) improperly rejected the opinions of treating physicians;

20  (2) erred by relying on vocational testimony in response to an incomplete hypothetical that did not

21  accurately reflect all of plaintiff's limitations; and (3) erred by concluding that the plaintiff's pain

22  complaints were not credible. (Ct. Rec. 15 at 10.)   The Commissioner asserts that the ALJ's decision

23  was supported by substantial evidence and the correct legal standards were applied.  (Ct. Rec. 20 at 6).

24

25  _____

26          [1]The ALJ concluded that plaintiff's diagnosed gastro-esophageal reflux disease (GERD) does
    not significantly limit his physical or mental ability to do basic work activities and is not severe.  The
27  ALJ also found that plaintiff's alleged but undiagnosed fibromyalgia is not medically determinable.
    This court concludes the findings are supported by the record, although neither the GERD finding nor
28  the fibromyalgia finding is raised by plaintiff.

    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
    REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
    U.S.C. § 405(g)-5

**DISCUSSION**

**A.     MEDICAL OPINIONS**

Plaintiff contends the ALJ erred when he improperly rejected the opinion of Dr. Stutzman, plaintiff's treating physician.  Plaintiff also contends the ALJ erred by rejecting the opinions of Dr. Humann, plaintiff's psychiatrist, Candi Didier, plaintiff's therapist, and Dr. Underwood, a state agency consultant.

A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).  Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

**1.     Treating Physician**

The ALJ noted that Dr. Stutzman's opinions as the treating physician deserved "serious consideration," then listed three reasons for not affording them "controlling weight" pursuant to Social Security Ruling 96-2p. (Tr. 22.)  First, he stated that her opinions are so brief and conclusory that they are not persuasive. (Tr. 22.)  Second, he asserted her opinions are not supported by medically acceptable clinical or laboratory techniques and are unsupported by other substantial evidence in the record, including Dr. Stutzman's own notes. (Tr. 22.)  Lastly, he asserted that Dr. Stutzman's opinions are inconsistent with other substantial evidence in the case record. (Tr. 22.)  The ALJ therefore concluded that Dr. Stutzman's opinions could only be given "minimal weight." (Tr. 22.)

Social Security Ruling 96-2p lists factors necessarily present for a treating physician's opinion

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-6

to be controlling. The opinion must come from a treating source; be a medical opinion; be well-supported by medically acceptable clinical and laboratory techniques; and be "not inconsistent" with other substantial evidence in the record.  SSR 96-2p.   The ruling also provides:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

While the ALJ did make clear that he was giving the treating physician's opinion "minimal weight," and listed three reasons for assigning that weight to the opinion, the ALJ's reasons are general and are not sufficiently specific or clear.

The conclusion that the treating physician's opinions are brief and conclusory is in itself brief and conclusory.  The ALJ mentions a form completed by Dr. Stutzman on September 29, 2006.  (Tr. 22, 234-35.) On that form, Dr. Stutzman indicated that plaintiff must lie down during the day for 1/4 to 2 hours one or two times per day; that  work on a regular and continuous basis would cause plaintiff's condition to deteriorate; and that plaintiff would miss four or more days of work on average per month.  (Tr. 235.) Although the form asked for reasons for those answers, the doctor did not explain them.  (Tr. 235.)  The ALJ points to no other specific examples of "brief" or "conclusory" opinions by Dr. Stutzman.  While the doctor could perhaps have been more expansive in her responses on that particular form, it was only one form, prepared by plaintiff's counsel.  The failure to explain answers to two questions on one form does not justify categorizing all of the treating physician's opinions as brief and conclusory.

The contention that Dr. Stutzman's opinions are not supported by medically acceptable clinical or laboratory techniques and are unsupported by other substantial evidence in the record, including Dr. Stutzman's own notes, is also not sufficiently specific.  An MRI (Tr. 195), x-ray (Tr. 197), and physical therapy assessment (Tr. 186-87) all indicate moderate to mild thoracic degenerative changes.  There is objective evidence that plaintiff has a back condition.  The ALJ did not point to any specific conclusion or opinion of Dr. Stutzman that is not consistent with a moderate to mild back condition.

The conclusion that Dr. Stutzman's opinions are inconsistent with other substantial evidence in the case record  (Tr. 22) is also unsupported.  The only inconsistency asserted by the ALJ is that the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-7

1   plaintiff's reported activities are inconsistent with Dr. Stutzman's conclusions about his reduced abilities.

2    (Tr. 22.) The activities the ALJ noted were inconsistent with Dr. Stutzman's opinions were "staying up

3   late at night writing a novel"(Tr. 22, 278) and "writing his book and doing chores around the house."

4   (Tr. 22, 277.) Writing is not an activity inconsistent with Dr. Stutzman's opinions. She determined

5   plaintiff's limitations made his work level "sedentary" (Tr. 180.); the vocational expert testified that an

6   author or writer is a sedentary occupation. (Tr. 301.) Thus, the conclusion that writing is an activity

7   inconsistent with Dr. Stutzman's opinion regarding functional limitations is not supported.

8       Further, the ability to do household chores is not conclusive of no disability. *See Cohen v. Bowen*,

9   964 F.2d 524, 530 (6th Cir. 1992) (holding a plaintiff should not be penalized for attempting to maintain

10  some sense of normalcy); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability

11  claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits); *Fair v. Bowen*,

12  885 F.2d 597, 603 (9th Cir. 1988) ("many home activities are not easily transferable to . . . the more

13  grueling environment of the workplace, where it might be impossible to periodically rest or take

14  medication."). In this case, the record does not reflect the type, extent, duration, or exertion involved

15  in doing household chores. The fact that plaintiff does some household chores and works on a book

16  project is not necessarily inconsistent with Dr. Stutzman's opinion.

17      Additionally, the ALJ noted an apparent gap in treatment between Dr. Stutzman's September 29,

18  2006 evaluation and the plaintiff's last previous visit to Dr. Stutzman. (Tr. 22 n.3.) The ALJ concluded

19  that Dr. Stutzman most likely uncritically relied on plaintiff's subjective reported symptoms and

20  limitations when completing the 2006 DSHS Physical Evaluation form. (Tr. 22 n.3) While a gap in

21  treatment could be probative of the reliability of a physician's opinion, the ALJ's conclusion is

22  speculative. As discussed below, the ALJ's credibility analysis of the plaintiff is suspect and, therefore,

23  the conclusion drawn about accuracy of the reported symptoms and limitations is also suspect.

24      Furthermore, the ALJ effectively rejected the treating physician's opinion when he adopted the

25  opinion of the state agency consulting physician. (Tr. 23.) SSR 96-2p provides:

26      Adjudicators must remember that a finding that a treating source medical opinion is not
        well-supported by medically acceptable clinical and laboratory diagnostic techniques or
27      is inconsistent with the other substantial evidence in the case record means only that the
        opinion is not entitled to controlling weight, not that the opinion should be rejected.

28
    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
    REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
    U.S.C. § 405(g)-8

1  The ALJ may reject the opinion of the treating physician only if he states specific, legitimate reasons that

2  are supported by substantial evidence.  *See Flaten,* 44 F.3d at 1463 (citing *Magallanes v. Bowen*, 881

3  F.2d 747, 753 (9th Cir. 1989)); *Fair*, 885 F.2d at 605.  Because the ALJ effectively rejected the opinion

4  of the treating physician without stating specific, legitimate reasons supported by substantial evidence

5  in the record, the court concludes the ALJ erred.

6  **2.    Treating Psychiatrist and Therapist**

7  The ALJ specifically gave "substantial weight" to treating psychiatrist Dr. Humann's diagnosis

8  and assessment on March 16, 2006. (Tr. 21, 275.)  Dr. Humann assessed plaintiff with a GAF of 65, a

9  mild impairment. (Tr. 275.)  However, the ALJ declined to give "significant weight" to Dr. Humann's

10  October 10, 2006 opinion regarding mental residual functional capacity.  (Tr. 22, 250-52.)  The ALJ also

11  mentioned that Dr. Humann's October 17 and November 29, 2006 clinic notes estimating plaintiff's GAF

12  at 55 (Tr. 21.) were "curious" in light of the October 10 opinion.  The ALJ seems to imply the GAF

13  scores of March 16, October 17 and November 29, 2006 are inconsistent with the October 10 mental

14  residual functional capacity assessment.  While the implication may be true, the ALJ's conclusion is not

15  explained and is not sufficiently specific.

16  The ALJ also gave little weight to the September 14, 2006 opinion of plaintiff's therapist, Candi

17  Didier, reported on a Washington State DSHS Psychological/Psychiatric evaluation form.  (Tr. 22, 264-

18  67.)  On that evaluation, Ms. Didier indicated that plaintiff would have marked difficulties with social

19  functioning, exercising judgment performing routine tasks, relating to co-workers and supervisors, and

20  tolerating workplace stress.  (Tr. 266.)  The ALJ concluded the therapist's September 14, 2006 opinion

21  is also not well supported by medically acceptable clinical and/or laboratory diagnostic studies and is

22  inconsistent with other substantial evidence in the record.  (Tr. 21-22.)  The ALJ gave "substantial

23  weight" to Candi Didier's June 15, 2006 opinion which assessed plaintiff with a GAF of 50-60. (Tr. 268.)

24  Again, the ALJ did not point to specific deficiencies or inconsistencies which justify the outright

25  rejection of the September 14 opinion, other than the previous GAF assessment.

26  The ALJ also noted that the clinical notes suggest that Candi Didier's September 14 opinion and

27   Dr. Humann's October 10 opinion may have been given to assist plaintiff in retaining state-provided

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-9

1  mental health treatment services.  (Tr. 22 n. 2, 275, 268.)   Indeed, Dr. Humann stated in her March 23,

2  2006 clinical notes, "He may at this point be in danger of losing services due to his functionality and lack

3  of severe need to warrant this level of care."  (Tr. 275.) While the inference that the contents of certain

4  medical opinions were colored by a patient's need or desire to seek or continue benefits could in some

5  circumstances be additive, in this case, there is not substantial evidence to support the inference.  It is

6  to be expected that an applicant for benefits will obtain medical opinions for that purpose.  Without more,

7  that fact that an opinion was obtained for the purpose of pursuing benefits is not particularly probative.

8          The ALJ did not provide sufficiently specific or legitimate reasons for rejecting the opinions of

9  plaintiff's treating psychiatrist, Dr. Humann, or treating therapist, Candi Didier.  Therefore, the ALJ

10  erred.

11          **3.      State Agency Psychological Consultant**

12          Plaintiff also alleges the ALJ improperly rejected the opinion of the state agency psychological

13  consultant, Dr. Underwood.  (Ct. Rec. 15 at 12).  Although plaintiff did not support the allegation with

14  argument, the court has reviewed the ALJ's treatment of Dr. Underwood's opinion.  The ALJ accepted

15  the state agency psychological consultant's opinion regarding the claimant's mental limitation but

16  rejected the consultant's opinion regarding the plaintiff's mental residual functional capacity as

17  incomplete and inconsistent with other substantial evidence in the record.  (Tr. 23.)  The ALJ simply

18  concluded, without explanation, that  the psychological consultant's conclusions concerning plaintiff's

19  mental residual functional capacity are "incomplete and not consistent with other substantial evidence

20  in the record." (Tr. 23.)  The ALJ's conclusion about the psychological consultant's opinion regarding

21  mental residual functional capacity is not sufficiently supported or specific and is therefore error.

22  **B.     CREDIBILITY**

23          In *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) the court held when an ALJ finds

24  the claimant's testimony as to the severity of pain and impairments is unreliable, the ALJ must make a

25  credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did

26  not arbitrarily discredit claimant's testimony.  *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)

27  (en banc).        In social security proceedings, the claimant must prove the existence of a physical or

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-10

1  mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory

2  findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The

3  effects of all symptoms must be evaluated on the basis of a medically determinable impairment which

4  can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929. Once medical evidence of an

5  underlying impairment has been shown, medical findings are not required to support the alleged severity

6  of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

7       While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of his

8  or her symptoms solely because there is a lack of objective medical evidence to support the testimony,

9  there must be some objective medical evidence of an impairment for the time at issue. However, the lack

10  of objective medical evidence is just one factor considered by the Commissioner. *Id.* at 345. The

11  following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies

12  in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living

13  activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the

14  nature, severity, and effect of claimant's condition. *Thomas*, 278 F.3d at 958.

15       Once there is evidence of a medically determinable impairment likely to cause an alleged

16  symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective

17  complaints. *Bunnell*, 947 F.2d at 346. In the absence of affirmative evidence of malingering, the ALJ's

18  reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007);

19  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must

20  specifically identify the testimony she or he finds not to be credible and must explain what evidence

21  undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation

22  omitted).

23       Here, there is no evidence of malingering; thus, any rejection of plaintiff's testimony must be

24  supported by clear and convincing reasons. The ALJ made the following credibility findings:

25       Although it  is clear claimant does have underlying medical conditions that could
         reasonably result in the symptoms he alleges if he failed to follow his medical regimen
26       or attempted to exceed his residual functional capacity as set forth above, claimant's
         allegations as to the intensity, persistence and limiting effects of his symptoms are
27       disproportionate and not supported by the objective medical findings or by any other
         corroborating evidence.

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-11

(Tr. 20.)

In support, the ALJ noted that plaintiff had received treatment for his symptoms, which would normally weigh somewhat in his favor.  However, the ALJ concluded the treatment had been essentially routine and conservative in nature and had been generally successful in controlling plaintiff's symptoms. (Tr. 20.)  The ALJ also pointed out that "office visit notes reflect numerous occasions whereon which claimant did not specify any particular complaint, which contrasts with the current claim of ongoing, disabling symptoms since the alleged onset date." (Tr. 20.)  However, the record reflects that notes from nearly every office visit to Dr. Stutzman mention chronic back pain and continued attempts to manage plaintiff's pain.

The ALJ mentioned several factors which weighed against considering the plaintiff's report of limited activities as strong evidence in favor of a finding of disability.  First, the ALJ noted that the alleged limitations on daily activities cannot be objectively verified. (Tr. 20.)  This is not a sufficient reason for rejecting plaintiff's testimony, as there is no requirement that limitations on daily activities be objectively verified.  Indeed, in many cases involving a legitimate disability, such objective observations could not be made.

Second, the ALJ reasoned that, assuming the plaintiff's allegations about the limitations of his daily activities are true, the "relatively weak medical evidence" of disability made it difficult to believe that the degree of limitation on daily activities is attributable to plaintiff's medical conditions and not to other factors. (Tr. 20.)  The ALJ did not identify anything specific in the record as the basis for this conclusion.

Third, the ALJ concluded that the record reveals that plaintiff has engaged in daily activities since the alleged onset of disability that are not as limited as expected after considering the complaints of disabling symptoms and limitations. (Tr. 20.)  As evidence, the ALJ pointed out that shortly after the alleged onset of disability, the plaintiff moved his residence from a community living situation to an apartment in a nearby town. (Tr. 20.) However, there is nothing in the record which leads to the conclusion that plaintiff is not disabled because he changed residences shortly after the onset of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-12

1  alleged disability.  There are at least several scenarios by which the plaintiff could have changed

2  residences despite a disability.  The record is silent as to the means and manner of the move, and

3  therefore, the move is not probative of plaintiff's disability.

4       As other evidence of activities inconsistent with a disability, the ALJ mentioned that the plaintiff

5  has been able to work on writing projects. (Tr. 20.)  Again, there is nothing in the record which supports

6  the conclusion that plaintiff's writing efforts are inconsistent with disability.  On at least two occasions,

7  plaintiff reported limitations in his ability to write to his physician (Tr.177, 185) and, in testimony

8  elicited by the ALJ at the hearing, the plaintiff explained that in the current research phase of his latest

9  project, he listens to a Discman and makes notes, which can be done anywhere.  (Tr. 20, 324.)

10      Finally, the ALJ pointed to the fact that plaintiff testified that he engages in yoga, jogs in place,

11  and swims during the summer as inconsistent with his alleged disability. (Tr. 20.) These activities,

12  without more, cannot be conclusively deemed to be inconsistent with severe back pain.  In fact, they

13  seem to be activities that a person with back pain could engage in at an intensity and duration modified

14  to the extent of the pain.

15      For these reasons, it appears that the ALJ's finding that the plaintiff is not credible is arbitrary

16  and unsupported by the record.  Therefore, the ALJ erred.

17  **C.    VOCATIONAL EXPERT**

18      Based on the ALJ's hypothetical, the vocational expert concluded that the plaintiff could perform

19  past work as a teacher, restaurant greeter, and writer.  (Tr. 23.)  Plaintiff asserts the ALJ erred by

20  presenting an incomplete hypothetical to the vocational expert which did not accurately reflect plaintiff's

21  actual physical and mental limitations.  (Ct. Rec. 15 at 15.)  Plaintiff points out that the ALJ's

22  hypothetical did not include a number of work-related restrictions indicated by the treating physician,

23  Dr. Stutzman, including the categorization of plaintiff's work level as "sedentary." (Ct. Rec. 15 at 16.)

24  Plaintiff also argues that marked and moderate limitations indicated by plaintiff's therapist and treating

25  psychiatrist should have been included in the hypothetical.  (Ct. Rec. 15 at 16.)

26      In making a finding on a claimant's residual functional capacity, the ALJ is not required to

27  include opinion evidence that has been properly discounted. *Batson*, 359 F.3d at 1197; *Osenbrock v.*

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-13

*Apfel*, 240 F.3d 1157, 1164-66 (9ᵗʰ Cir. 2001) (restrictions not supported by substantial evidence may freely be accepted or rejected by ALJ).  Further, an ALJ is free to reject restrictions in a hypothetical question to a vocational expert that are not supported by substantial evidence.  *Osenbrock v. Apfel,* 240 F.3d 1157, 1163-65 (9ᵗʰ Cir. 2001) (holding that an ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations); *Roberts v. Shalala*, 66 F.3d 179, 184 (9ᵗʰ Cir. 1995); *Magallanes*, 881 F.2d at 756-57.

In his hypothetical to the vocational expert, the ALJ included the following limitations:

> The state disability determination services made an assessment in this case that the individual would be capable of performing at a light residual functional capacity.  And occasionally lifting 20 pounds, frequently 10.  Sitting, standing and walking, each approximately six hours in an eight hour day.  Pushing and pulling unlimited, commensurate at their will.  Postural limitations to include occasional use of lateral for scaffolding, occasional stooping and crouching, otherwise the rest frequent.  And no other limitations.  Mental limitations indication is that he would be best to work within his physical limitations.  Able to do simple tasks.  Able to do his activities of daily living.  Responding well to antidepressants.  Socially pleasant and cooperative.  So the summarizing would be able to do one, two, three step tasks, simple and complex.  And activities, able to remember and carry out simple and complex tasks.  No limitation as to his ability to interact with coworkers or the public.

(Tr. 301-02.)  The ALJ's hypothetical does not include limitations described by the treating physician, Dr. Stutzman, that plaintiff would be unable to perform one or more basic work-related activities, unable to sit continuously, that he would be restricted in crouching, pushing, reaching, sitting and stooping.  The hypothetical also does not include mental limitations identified by Dr. Humann and Candi Didier.  The court finds that the vocational expert's testimony has little or no evidentiary value because the opinions of plaintiff's treating physicians and therapist as to plaintiff's limitations were not properly considered.

**D.    REMEDY**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Lester v. Chater*, 81 F.3d 821, 834 (9ᵗʰ Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9ᵗʰ Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9ᵗʰ Cir. 1989).  Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9ᵗʰ Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9ᵗʰ Cir. 2004) (court has flexibility in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-14

1  crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where

2  evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand

3  is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*);

4  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

5       Remand is appropriate because the ALJ failed to give specific and legitimate reasons for

6  disregarding the opinions of treating physicians Dr. Stutzman and Dr. Humann.  Upon further hearing,

7  the ALJ will weigh and analyze the medical opinions of Dr. Stutzman and Dr. Humann as well as the

8  other medical evidence, reevaluate plaintiff's credibility, determine plaintiff's RFC and obtain testimony

9  from a vocational expert.  The testimony of a medical expert may also be helpful.  The court expresses

10  no opinion as to what the ultimate outcome on remand will or should be.

11                                          **CONCLUSION**

12       The ALJ's decision is not supported by substantial evidence and free of legal error.  A remand

13  for further proceedings is the proper remedy.  On remand, the ALJ will conduct a new sequential

14  evaluation, make new credibility findings with specificity, make a new RFC determination, and take

15  additional vocational expert testimony.

16  Accordingly,

17       **IT IS ORDERED:**

18       1.      Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**.  The matter is

19  remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

20       2.       Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **DENIED**.

21       3.      An application for attorney fees may be filed by separate motion.

22       The District Court Executive is directed to file this Order and provide a copy to counsel for

23  plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

24       DATED September 10, 2008.

25

26                          ___S/ JAMES P. HUTTON___
                            UNITED STATES MAGISTRATE JUDGE
27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42
U.S.C. § 405(g)-15